ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
NO. _____

GARY VANHOOSE, *Plaintiff*

vs.  **COMPLAINT**

FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., *Defendant*

\* \* \* \* \*

NOW COMES Plaintiff, GARY VANHOOSE ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and against Defendant, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., ("Defendant"), alleges and states as follows:

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Kentucky, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Nippa, Johnson County, Kentucky.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal place of business in Atlanta, Georgia.

## FACTUAL ALLEGATIONS

11. Defendant places constant and continuous collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant is attempting to collect a debt Plaintiff does not owe.

13. Defendant calls Plaintiff at (606) 297-8766.

14. Defendant calls Plaintiff and hangs up without leaving a message.

15. Defendant did not send Plaintiff a debt validation letter.

## COUNT I

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Defendant violated the FDCPA based upon the following:

   a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff;

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity;

   e. Defendant violated *§1692e* of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt;

   f. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt because Plaintiff does not owe the debt;

   g. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt;

   h. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector;

   i. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt;

   j. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within five (5) days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt

will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, GARY VANHOOSE, respectfully requests judgment be entered against Defendant, FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., for the following:

- a) Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,
- b) Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,
- c) Actual damages,
- d) Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*
- e) Any other relief that this Honorable Court deems appropriate.

**KROHN & MOSS, LTD**

BY:   /s/Lee Cassie Yates_____
Lee Cassie Yates – 91821
120 W. Madison Street, 10th Floor
Chicago, IL  60602
Telephone; (312) 578-9428
Facsimile: (866) 289-0898

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GARY VANHOOSE, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF KENTUCKY

Plaintiff, GARY VANHOOSE, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, GARY VANHOOSE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____        _____
            Date                                                         GARY VANHOOSE